1
2
3
4
5
6
7
8
9
10                    UNITED STATES DISTRICT COURT
11                    EASTERN DISTRICT OF CALIFORNIA
12
                              ----oo0oo----
13
14  ERIC W. RUND,
                                        NO. CIV. S-05-0502 FCD/GGH
15          Plaintiff,

16       v.                             MEMORANDUM AND ORDER

17  CHARTER COMMUNICATIONS, INC.;
    DOES 1 TO 100, Inclusive,
18
            Defendants.
19
    _____/
20
21                            ----oo0oo----

22       This matter is before the court on motion by Charter
23  Communications, Inc. ("defendant") to dismiss claims six and
24  seven of the complaint, for negligent infliction of emotional
25  distress and negligent supervision, respectively, pursuant to
26  Federal Rule of Civil Procedure 12(b)(6).[1]
27  / / /
28
    ─────────────
         [1] Unless otherwise stated, further references to a "Rule"
    are to the Federal Rules of Civil Procedure.

**BACKGROUND**

Plaintiff was employed by defendant, and its predecessors in interest, as a line system technician for twenty-two years until his termination at age fifty-eight.[2]  In June 2003, plaintiff suffered a work-related knee injury.  After plaintiff recovered from his injury and returned to work, he was able to perform his previous job duties, with the exception of crawling and climbing telephone poles.  However, plaintiff alleges that defendant failed to accommodate plaintiff's limitations and terminated plaintiff on September 9, 2004, falsely claiming he could not perform his job.

Plaintiff filed charges of disability discrimination and retaliation against defendant and defendant's manager with the California Department of Fair Employment and Housing ("DFEH"), and within one year DFEH issued a "Right-to-Sue" notice.  On March 11, 2005, plaintiff filed a complaint setting forth claims for: (1) employment discrimination in violation of the Fair Employment and Housing Act, Cal. Gov't Code § 12940 et seq. ("FEHA"); (2) retaliation in violation of FEHA; (3) wrongful termination in violation of public policy (Cal. Lab. Code § 132(a)); (4) breach of contract; (5) intentional infliction of emotional distress; (6) negligent infliction of emotional distress; (7) negligent supervision; (8) failure to accommodate physical or mental disability or medical condition in violation of Cal. Gov't Code § 12940(a).

---

[2]   Unless otherwise noted all background facts are based upon the complaint.  Pursuant to Fed. R. Civ. P. 12(b)(6), all factual allegations from the complaint are taken as true.

On June 17, 2005, defendant filed the instant motion to dismiss claims six and seven, negligent infliction of emotional distress and negligent supervision, respectively, on the grounds that the claims were barred by the WCA's exclusivity provisions.

**STANDARD**

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint.  A Rule 12(b)(6) dismissal is proper only where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).  Moreover, "it is axiomatic that the motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted."  Hall v. City of Santa Barbara, 813 F.2d 198, 201, n.9 (9th Cir. 1986).

The issue on a motion to dismiss for failure to state a claim is not whether the claimant will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims asserted.  Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997).  All allegations of the complaint must be accepted as true.  Cruz v. Beto, 405 U.S. 319, 322 (1972).  The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  Retail Clerks Int'l Ass'n v. Schermerhorn, 373 U.S. 746, 753 n.6 (1963).  Thus, the plaintiff need not necessarily plead a particular fact if that fact is a reasonable inference from facts properly alleged.  Id.

The burden is on the moving party to prove beyond doubt that the plaintiff can prove no set of facts in support of his claim

3

1  which would entitle him to relief. Conley v. Gibson, 355 U.S.
2  41, 45-46 (1957); see also NL Indus., Inc. v. Kaplan, 792 F.2d
3  896, 898 (9th Cir. 1986).
4     Additionally, the Ninth Circuit has determined that a motion
5  to dismiss in a civil rights case should be scrutinized with
6  special care. Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir.
7  1992) (citing Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir.
8  1987))(liberal construction rules are particularly important in
9  civil rights cases).

## ANALYSIS

Defendant contends that plaintiff's claims for negligent infliction of emotional distress and negligent supervision are barred by the WCA's exclusivity provisions. Plaintiff responds that defendant's alleged age and disability discrimination is not a risk reasonably encompassed by the compensation bargain and therefore his claims for negligent infliction of emotional distress and negligent supervision are not preempted by the WCA's exclusivity provisions.

To trigger the WCA's exclusivity rule, there must be an injury compensable under the workers' compensation statute. Cal. Lab. Code § 3600.[3]  For the injury to be compensable for

---

[3]  Cal. Labor Code § 3600 in relevant part states: Liability for the compensation provided by this division, in lieu of any other liability whatsoever to any person except as otherwise specifically provided . . . shall, without regard to negligence, exist against an employer **for any injury sustained by his or her employees arising out of and in the course of the employment . . . where the . . . conditions of compensation concur:** (1) Where, at the *time* of the injury, both the employer and the employee are subject to the compensation provisions of this division.(2) Where, at the time of the injury, the employee
(continued...)

4

exclusivity purposes it must meet two conditions.  First, the injury must cause a "disability or the need for medical treatment."  <u>Gomez v. Acquistapace</u>, 50 Cal. App. 4th 740, 748 (1996).[4]  Second, if an injury has occurred, the acts or motives giving rise to the injury must constitute "a risk reasonably encompassing the compensation bargain."  <u>Vacanti v. State Comp. Ins. Fund</u>, 24 Cal. 4th 800, 819-820.  Where the alleged injury is neither collateral to nor derivative of an injury that *satisfies both of these conditions*, *then it is not subject to exclusivity*.  <u>Id</u>. at 820 (emphasis added); <u>Livitsanos v. Superior Court</u>, 2 Cal. 4th 744, 754 (1992); Cal. Lab. Code § 3602(c).

Conduct that violates a fundamental public policy of the state is not within the compensation bargain, and thus not preempted by the WCA.  <u>City of Moorpark v. Superior Court</u>, 18 Cal. 4th 1143, 1153 (1998)("the compensation bargain cannot encompass conduct, such as . . . discrimination, obnoxious to the interests of the state and contrary to public policy and sound morality . . . Employees discharged in violation of fundamental public policy may bring an action against their employers sounding in tort"); <u>Gantt v. Century Ins.</u>, 1 Cal. 4th 1083, 1100 (1992), <u>overruled</u> <u>on other</u> <u>grounds</u> <u>in</u>, <u>Green v. Ralee Eng'g Co.</u>, 19 Cal. 4th 66, 80 (1998) (defendant's misconduct was not a normal part of the employment relationship so exclusivity does

---

[3](...continued)
is performing service growing out of and incidental to his or her employment and is acting within the course of his or her employment. (emphasis added).

[4]  Parties appear to have no dispute that plaintiff suffered an emotional injury.

5

not apply); Fermino v. Fedco, Inc., 7 Cal. 4th 701, 708 (1994) (where "the employer engag[ed] in conduct that 'stepped out of its proper role'" it may be subject to tort liability); Huffman v. Interstate Brands Corp., 121 Cal. App. 4th 679, 695 (2004)(employer actions violating a fundamental public policy are exempt from exclusivity as they are outside the normal employment relationship) (citations omitted).

Defendant contends that plaintiff's negligence-based claims are not outside the compensation bargain, and thus are preempted by the WCA's exclusive remedies. Specifically, defendant contends "it is axiomatic that only intentional acts on the part of the employer will be sufficient to place the alleged injury outside the compensation bargain."[5] (Reply at 2:20-21) [no citations].)  This area of the law is not nearly so well-settled as defendant proclaims.  While there are cases which appear to support the position advocated by defendant, see e.g., Coit Drapery Cleaners, Inc. v. Sequoia Ins. Co., 14 Cal. App. 4th 1595, 1606 (1993), there also are many cases which hold that negligence-based claims are *not* in all cases preempted by the WCA.  See Pitchford v. Hematronix Inc., C-95-105, 1995 U.S. Dist. Lexis 4647 (N.D. Cal. April 4, 1995) (citing Gantt, 1 Cal. 4th at 1097-1101) (claim for negligent infliction of emotional distress arising from sexual harassment and discrimination are not preempted by the WCA's exclusivity rule where wrongful

---

[5] Defendant contends that plaintiff does not provide citations specifically illustrating that negligence claims have been exempted by the WCA's exclusivity provisions. (Reply at 2:21-23.)  The court notes that under Rule 12(b)(6) defendant, not plaintiff, bears the burden.

6

termination in violation of public policy is alleged); <u>Smith v. Int'l. Brotherhood of Electrical Workers</u>, 109 Cal. App. 4th 1637, 1658 (2003), <u>review</u> <u>denied</u>, 2003 Cal. LEXIS 7249 (Sept. 24, 2003) (negligent infliction of emotional distress not barred by WCA where based on employer's violation of fundamental public policies); <u>Accardi v. Superior Court</u>, 17 Cal. App. 4th 341, 352 (1993) (citing <u>Watson v. Dep't. of Rehab.</u>, 212 Cal. App. 3d 1271, 1285-1286 (1989))(claim for emotional distress damages is not barred where employer's illegal discriminatory practices engendered the distress).  Defendant omits any reference to contrary authority in its brief, conclusory papers.[6]  Because the legal principles defendant cites in support of its motion are at worst incorrect, and at best incomplete, articulations of the law, the court finds no basis for granting defendant's motion.

**CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss plaintiff's sixth and seventh claims for negligent infliction of emotional distress and negligent supervision is DENIED.

IT IS SO ORDERED.

DATED: July 25, 2005

/s/ Frank C. Damrell Jr.
FRANK C. DAMRELL, Jr.
UNITED STATES DISTRICT JUDGE

---

[6] In the motion to dismiss, with less than a page of legal argument, defendant contends that "it is well-settled, however, that the California Workers' compensation Act provides the exclusive remedy for alleged workplace injuries."  This broad, conclusory statement ignores the multitude of statutory and common law exceptions to the WCA's exclusivity provisions.  In its 3-page reply, defendant clarifies that all negligence claims are precluded by the WCA.  Unfortunately, this too is an inaccurate generalization.