1
2
3
4
5
6
7
8
9          UNITED STATES DISTRICT COURT

10         EASTERN DISTRICT OF CALIFORNIA

11
                    ----oo0oo----
12

13   ERIC W. RUND,
                              NO. CIV. S-05-0502 FCD GGH
14         Plaintiff,

15      v.                    MEMORANDUM AND ORDER

16   CHARTER COMMUNICATIONS, INC.,

17         Defendant.

18                  ----oo0oo----

19       This matter is before the court on defendant Charter

20   Communications, Inc.'s ("defendant") motion to modify the

21   Pretrial Scheduling Order to re-open discovery so that defendant

22   may move to compel plaintiff to undergo a mental examination.

23   Defendant seeks an extension of the discovery period because,

24   despite reasonable efforts, the parties were unable to reach an

25   agreement regarding a voluntary examination of plaintiff, and,

26   due to a scheduling error, defendant's counsel was unable to

27   properly notice a motion to compel before the close of discovery.

28

1   Plaintiff opposes defendant's motion.[1]

2      A pretrial order "shall not be modified except upon a
3 showing of good cause." Fed. R. Civ. P. 16(b). The district
4 court may modify the pretrial schedule "if it cannot reasonably
5 be met despite the diligence of the party seeking the extension."
6 <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir.
7 1992) (quoting Fed. R. Civ. P. 16, advisory committee's notes
8 (1983 amendment)). The "good cause" standard set forth in Rule
9 16 primarily focuses upon the diligence of the party requesting
10 the amendment. "Although the existence or degree of prejudice to
11 the party opposing the modification might supply additional
12 reasons to deny a motion, the focus of the inquiry is upon the
13 moving party's reasons for seeking modification." <u>Id.</u>

14      Defendant maintains an extension should be granted because
15 it made a good faith effort to resolve the issue of plaintiff's
16 mental examination before the close of discovery. Defendant's
17 counsel first contacted plaintiff's counsel on September 26, 2006
18 and requested that plaintiff stipulate to a mental examination.[2]
19 Plaintiff's counsel responded by letter on September 29, 2006,
20 and the attorneys conferred via telephone on October 2, 2006. No
21 agreement was reached, however. Defendant's counsel contacted
22 plaintiff's counsel again on October 5, 2006, seeking to resolve
23 the issue. On October 9, 2006, after receiving no further

24

25        [1] Because oral argument will not be of material
assistance, the court orders this matter submitted on the briefs.
26 <u>See</u> E.D. Cal. L.R. 78-230(h).

27        [2] At the time of the initial contact, defendant's counsel
erroneously believed the discovery cutoff date was October 26,
28 2006. Actually, the date was October *16*, 2006. (PSO, filed
October 25, 2005, at 2.)

1  response from plaintiff's counsel, defendant's counsel informed

2  plaintiff of his intention to file an *ex parte* application to

3  compel plaintiff's mental examination.  Defendant filed the *ex*

4  *parte* application on October 10, 2006.  On October 13, 2006, the

5  court denied said application without prejudice for failure to

6  comply with Eastern District Local Rule 37-251 (requiring at

7  least twenty-one days notice to hear motions regarding discovery

8  disagreements).  Discovery thereafter closed on October 16, 2006.

9       Plaintiff argues that defendant cannot compel him to submit

10  to a mental examination because his emotional distress claims are

11  "garden variety," and therefore plaintiff's mental condition is

12  not "in controversy" as required for the court to compel

13  psychiatric evaluation.  However, the merits of defendant's

14  motion to compel are not before the court at this time.  The

15  court's inquiry here is limited to whether defendant has

16  demonstrated good cause for a limited extension of discovery.  In

17  that regard, defendant's counsel diligently attempted to meet and

18  confer with opposing counsel on the issue of plaintiff's mental

19  examination before the close of discovery.  When that process

20  failed, defendant tried to have the matter heard by the court *ex*

21  *parte before* the discovery cutoff.  The court finds that such

22  conduct demonstrates good cause, warranting an extension of

23  discovery to permit defendant to bring a motion to compel

24  plaintiff's mental examination.[3]

25  /////

26  /////

27  _____

28       [3]      Pursuant to Eastern District Local Rule 72-302(c)(1),
said motions are heard by the assigned magistrate judge.

3

**CONCLUSION**

1.   Defendant's motion to reopen discovery for a limited purpose is GRANTED and the Pretrial Scheduling Order of October 26, 2005 is modified as follows:

    a.   The discovery cutoff is extended to January 31, 2007 for the limited purpose of allowing defendant to properly notice and have heard its motion to compel plaintiff's mental examination.

2.   All other dates set forth in the Pretrial Scheduling Order shall remain unchanged.

IT IS SO ORDERED.

DATED: November 13, 2006

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE