IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERIC W. RUND,

    Plaintiff,                           CIV. NO. S-05-0502 FCD GGH

    vs.

CHARTER COMMUNICATIONS, INC.,

    Defendant.                          ORDER

        Previously pending on this court's law and motion calendar for January 18, 2007 was defendant's motion to compel mental examination of plaintiff pursuant to Fed. R. Civ. P. 35. Gregory Cheng appeared telephonically for defendant. Larry Baumbach appeared telephonically for plaintiff. Having heard oral argument and reviewed the parties' joint statement filed January 11, 2007, the court now issues the following order.

BACKGROUND

        Plaintiff brings this action against his former employer Charter Communications, Inc., for employment discrimination, retaliation, wrongful termination, breach of contract, intentional infliction of emotional distress, negligent infliction of emotional distress, negligent supervision, and failure to accommodate physical or mental disability or medical condition. Pertinent to the instant dispute are plaintiff's causes of action for intentional and negligent infliction of emotional distress. He alleges "pain and suffering, and extreme and severe mental

1

1  anguish and emotional distress; he has incurred and will continue to incur medical expenses for
2  treatment by psychotherapists and other health professionals ...." which has caused him to "suffer
3  a loss of earnings and other employment benefits and job opportunities."  (Compl., ¶¶ 42, 47.)
4  Plaintiff seeks compensatory and punitive damages.  (Id., ¶¶ 42, 43, 47.)
5            On November 13, 2006, the district court modified the scheduling order to permit
6  the parties to file the instant motion.
7  DISCUSSION
8            Plaintiff is refusing to undergo a mental exam, claiming that negligent infliction
9  of emotional distress is simply a negligence claim, and intentional infliction of emotional distress
10 involves the issue of whether the act is intentional or reckless.  He now claims he has not alleged
11 or undergone treatment from any mental care providers.  He also asserts that he has not tendered
12 any healthcare provider as an expert on the issue of his emotional distress, has not alleged any
13 specific psychiatric injury.  His declaration, attached to the joint statement, states that any
14 emotional distress he suffered has now resolved.
15 LEGAL STANDARDS
16           "[I]n order for a party seeking to compel a psychiatric examination under Rule 35
17 to establish that the other party's mental condition is 'in controversy' within the meaning of the
18 Rule, the moving party must show more than that the party in question has claimed emotional
19 distress."  Turner v. Imperial Stores, 161 F.R.D. 89, 97 (S.D. Cal.1995); accord, Ford v. Contra
20 Costa County, 179 F.R.D. 579, 580 (N.D.Cal. 1998).  Before a mental examination is compelled,
21 in addition to a bare claim for mental distress, the moving party should demonstrate one or more
22 of the following:

23     1) a cause of action for intentional or negligent infliction of
       emotional distress; 2) an allegation of a specific mental or
24     psychiatric injury or disorder; 3) a claim of unusually severe
       emotional distress; 4) plaintiff's offer of expert testimony to
25     support a claim of emotional distress; and/or 5) plaintiff's
       concession that his or her mental condition is 'in controversy'
26     within the meaning of Rule 35(a).

2

Turner, 161 F.R.D. at 95.[1]

Cases which involve little more than garden variety allegations of past emotional distress ordinarily are not sufficient to require a mental exam. Sabree v. United Broth. of Carpenters & Joiners, 126 F.R.D. 422, 426 (D. Mass. 1989) (finding that although complaint contained specific claims for emotional distress under state law, plaintiff's mental condition was not at issue); Benchmaster, Inc. v. Kawaelde, 107 F.R.D. 752, 754 (E.D. Mich. 1985) (proffering rationale that psychiatrist could aid only in determining present emotional disturbance). Mental exams are generally not allowed absent specific facts demonstrating emotional state will be at issue. See, e.g., Lowe v. Philadelphia Newspapers, Inc., 101 F.R.D. 296, 298 (E.D. Pa. 1983) (plaintiff had designated testifying psychiatric experts and had received psychiatric care).

Claims for past emotional distress at best permit the court discretion whether to allow a Rule 35 exam. Hodges v. Keane, 145 F.R.D. 332, 334 (S.D.N.Y. 1993). The determination is made on a case by case basis. See, e.g., Ziemann v. Burlington County Bridge Com'n, 155 F.R.D. 497, 501 (D.N.J. 1994) (considering, inter alia, alleged injury and whether claim is ongoing); Anson v. Fickel, 110 F.R.D. 184, 186 (N.D. Ind. 1986) (considering resort to psychiatric or psychological counseling).

ANALYSIS

Plaintiff has raised specific facts demonstrating that he is not now placing his emotional state in controversy, as opposed to presenting a claim for historical temporary, "ordinary" distress. He states that he has not undergone treatment for emotional or psychological reasons, and that any emotional trauma has resolved. He indicates that he is not claiming to suffer any specific psychiatric injury. He states that he will not present any expert testimony

---

[5] As Judge Aaron noted, only one published opinion in the Ninth Circuit prior to Turner addressed the IME issue – Smedley v. Capps, Staples, Ward, Hastings & Dodson, 820 F. Supp. 1227 (N.D. Cal.1993). The Smedley court granted defendants' motion for mental examination, solely because of plaintiff's bare claim of emotional distress. As the Turner court observed, the Smedley court reached its conclusion without analysis or citation to authority. Turner, 161 F.R.D. at 93. Accordingly, this court relies on the careful analysis set forth in Turner.

about his mental condition unless defendant is permitted to conduct a mental exam.  Rund Decl.

Accordingly, an independent medical examination is not appropriate.

Key to the undersigned's decision is plaintiff's abandonment of any claim for serious psychological/psychiatric injury.  Such a claim is not realistically possible in the absence of medical proof, i.e., records testified to by the appropriate medical personnel.  Plaintiff made it crystal clear that he has not sought medical treatment, and would not be presenting any medical evidence concerning emotional injury.

Thus, defendant is left to argue that a mental examination is still necessary to test, by present day mental examination, the historical allegations of ordinary distress that a reasonable person would endure if the liability actions challenged by plaintiff are true.  However, this argument is oxymoronic.  For example, there is no doubt that the ordinary person would suffer temporary distress if he were unlawfully terminated from employment he otherwise desired to retain.  There is no need to conduct a mental examination, or have medical personnel testify to such, for the very reason that such distress is normal and understandable by the lay factfinder.  That is, if the jury finds that defendant acted as plaintiff alleges, the concomitant ordinary distress is almost a given.  Expert testimony would be inadmissible.  Fed. R. Ev. 702 (expert testimony must assist the trier of fact in understanding evidence beyond the ken of most lay persons).  Any impeachment vis-a-vis the expected level of distress in this case would necessarily have to be historical and of the lay variety as well.[2]  Only if a plaintiff were claiming distress/injury that is out of the ordinary, *which would have to be supported by medical*

\\\\\

\\\\\

\\\\\

---

[2] In other words, plaintiff has not established, or even hinted at, how a present day mental examination would rebut claims of historical, ordinary distress.  While an extraordinary claim of past distress might be rebutted by a present day forensic psychiatric examination, plaintiff has conceded that no such extraordinary distress is claimed.

4

*evidence*, would a mental examination by defendant be necessary to counter or affirm such claims.[3]

Rather than accept plaintiff's firm concession of not presenting any medical evidence regarding distress, and not claiming more than a routine amount of temporary emotional upset, defendant expresses a desire to perversely up the ante and possibly establish such extraordinary distress through its mental examination. Or, perhaps there is some ulterior motive in outing some irrelevant psychiatric skeleton from plaintiff's closet.[4] In either event, the court will not issue a mental examination order to satisfy idle curiosity, or manipulative desires, of a party.

CONCLUSION

Accordingly, IT IS ORDERED that:

1. Defendants' motion to compel Rule 35 mental examination, filed December 19, 2006, is denied for the reasons set forth in this order.

DATED: 1/30/07

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
U. S. MAGISTRATE JUDGE

GGH:076
Rund0502.R35.wpd

---

[3] While plaintiff's concession may also be the death knell for an intentional infliction of emotional distress, such a finding should be left to summary judgment or to the trier of fact. As discussed at hearing, it is possible to conceive of outrageous actions naturally causing a good deal of temporary emotional distress regardless of whether it is proven by medical evidence.

[4] Defendant does not suggest that there is some liability reason to take a present day mental examination. Defendant has solely focused on the remedial aspects of the case.